CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

JUN 30 2009

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TERRY J. MOORE, | ) |
| Petitioner, | ) Case No. 7:09CV252 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| DEPARTMENT OF CORRECTIONS, | ) By: Glen E. Conrad |
| | ) United States District Judge |
| Respondent. | ) |

Petitioner Terry J. Moore, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of mandamus, pursuant to Virginia Code Ann. § 8.01-644. In his petition, Moore challenges the length of his confinement pursuant to the judgments of Virginia state courts, as recently calculated by the Virginia Department of Corrections Courts and Legal Department. Upon review of the record, the court finds that petition is properly construed as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, and dismissed for failure to exhaust state court remedies.

## Background

Moore's claim alleging sentence miscalculation is based on the following brief sequence of facts. On March 3, 2008, officials at Red Onion State Prison escorted Moore to the Circuit Court for Wise County, Virginia, for arraignment on a charge that he had committed assault and battery against a corrections officer. He was returned to court in May 2008 for a preliminary hearing. During this court session, Moore entered a guilty plea to an amended indictment charging him with misdemeanor assault and battery. The court sentenced him to twelve months

imprisonment, with six months suspended. Moore believes that inmates on such sentences only serve one-half the active sentence, or in his case, 90 days. Moore calculates that with credit for time he served while awaiting trial, the new misdemeanor sentence should only have added two weeks to his existing criminal sentence. Yet, a letter he received in March 2009 advised him that the Courts and Legal Department had been advised of the active sentence of six months on the new charge and that he should correspond with that department concerning the calculation of his term of confinement. He asserts that any interpretation of his new sentence which extends his expected release date past August 17, 2009, would be illegal and if such an extension occurs, he seeks monetary sanctions.

## **Discussion**

This federal court has no general power to compel action by state officials or to enforce state laws. See Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988); Gurley v. Superior Court of Mecklenburg County, 411 F.2d 586, 587 (4th Cir. 1969). Accordingly, to the extent that Moore seeks a mandamus from this court, pursuant to Virginia law, his petition must be dismissed for lack of jurisdiction.

Moore seeks to challenge the length of his confinement pursuant to the judgments of state courts, however, and such claims are actionable in federal court, pursuant to 28 U.S.C. § 2254, through a petition for a writ of habeas corpus. A district court is not constrained by a petitioner's style of pleading or request for relief. Hamlin v. Warren, 664 F.2d 29, 30 (4th Cir. 1981). To determine whether an action is properly considered a civil rights complaint or a habeas corpus petition requiring exhaustion of state remedies pursuant to § 2254, a court must consider whether the "core" of the petitioner's claim concerns the fact or duration of his confinement and whether a claim of damages is ancillary to and dependent on a favorable resolution of the challenge to the

length of his confinement. Todd v. Baskerville, 712 F.2d 70, 71-72 (4th Cir. 1983). If the core of the complaint does so concern the fact or length of confinement, then the proceeding is in habeas. Id. In this case, plaintiff is clearly contesting the legality of his continued confinement in the Virginia prison system. Accordingly, plaintiff's exclusive initial cause of action is in habeas. Id.

Once the complaint is construed as a petition for a writ of habeas corpus, the initial mislabeling of the action would not normally require dismissal. See Gordon v. Leeke, 574 F.2d 1147, 1152-53 (4th Cir. 1978). Provided the claim meets the threshold requirements, the court could address it on the merits. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475, 477 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53, 54 (1971).

The exhaustion requirement is satisfied by seeking review of the claims in the highest state court with jurisdiction to consider the claims. In Virginia, a non-death row inmate can exhaust his state remedies as to an ineffective assistance claim in one of two ways. First, he can file a state habeas petition with the Circuit Court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code § 8.01-654. Second, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them under § 2254. See O'Sullivan v. Boerckel, 526 U.S. 828, 845 (1999).

In this case, Moore offers no indication whatsoever that he has presented his sentencing miscalculation claim to the Supreme Court of Virginia as required for exhaustion of state court remedies, pursuant to § 2254(b). Indeed, the timing of events as relayed in his petition suggests that in March 2009, he had not yet corresponded with the sentence calculation department concerning his expected release date after accounting for the assault and battery sentence. As he fails to meet his burden to prove exhaustion, the court must dismiss his petition without prejudice.[1]

Moore's claim for monetary damages is conditioned on whether or not his sentence is actually extended, and he does not indicate whether or not his sentence has been miscalculated as he suspects. Therefore, at present, he does not state any claim that his rights have been violated regarding the computation of the length of his confinement. In any event, claims for damages are not actionable under § 2254. Under some circumstances, a prisoner may sue prison officials for monetary damages for actions that violated his constitutional rights and caused him harm by filing a civil rights complaint, pursuant to 42 U.S.C. § 1983. However,

> where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or *duration* of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence.

Muhammad v. Close, 540 U.S. 749, 751 (2004) (emphasis added). Because Moore does not demonstrate that he has raised his sentence calculation claim and achieved a favorable result, he cannot yet bring any claim for damages in connection with this claim.

---

[1] The petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia. He is advised of the time limit for filing federal habeas petitions under § 2254, which is generally one year from the date on which the conviction becomes final, or as in his case, one year from the date on which new facts necessary to the claim could first have been discovered with due diligence. See 28 U.S.C. § 2244(d)(1). The one year filing period does not run, however, while any properly filed state court habeas petition is pending. § 2244(d)(2).

## Conclusion

For the stated reasons, the court concludes that the petition for a writ of mandamus against state officials must be construed as a petition for a writ of habeas corpus, pursuant to § 2254, and dismissed without prejudice for failure to prove exhaustion of state court remedies.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 30<sup>d</sup> day of June, 2009.

／s／ Jack Conrad
United States District Judge